**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** * | |
| * | |
| v.   * | Criminal Case No.: PWG-13-435 |
| * | |
| **LUIS RIVERA HERNANDEZ** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending are Luis Rivera Hernandez's two Motions for Reduction of Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 3 of the United States Sentencing Guidelines, seeking a reduction in sentence and asking for counsel to be appointed to represent him. ECF Nos. 124, 125. The United States has filed a Response, contending that the Court should deny the Motions because Hernandez "is not eligible for a sentence reduction" and "the Federal Defender's Office . . . notified th[e] [United States Attorney's] Office that they will not represent the Petitioner." ECF No. 146. Hernandez was given the opportunity to reply, as well as an extension of time to February 15, 2017 in which to file his reply. ECF Nos. 149, 152. That date has passed, and he has not filed a reply or requested additional time. Hernandez is not eligible for a sentencing reduction under § 3582(c)(2) because he was sentenced to the statutory mandatory minimum sentence, and the Government did not move for a downward departure for substantial assistance. Accordingly, I will deny Hernandez's motions.

I adopt the Government's statement of facts, to which Hernandez has not objected:

> On March 10, 2014, Luis Rivera Hernandez ("Petitioner") pled guilty to Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, this Court adopted the factual findings and advisory guideline applications in the Presentence Report and determined that Petitioner's base

offense level was 26 under U.S.S.G. § 2D1.1. When combined with the other guideline applications, Petitioner's final offense level was 23. At the established criminal history category of I, this resulted in an original sentencing range of 46 to 57 months. On June 17, 2014, Petitioner was sentenced to 60 months imprisonment, the statutory mandatory minimum.

Petitioner now moves this Court to reduce his sentence under 18 U.S.C. § 3582(c) and pursuant to U.S.S.G § 2D1.1 as amended by Amendment 782 and made retroactive by U.S.S.G. § 1B1.10(d).[1]

Gov't Resp. 1–2.

I also adopt the Government's well-reasoned analysis of Hernandez's ineligibility for a reduction in his sentence as follows:

> Petitioner was sentenced to the statutory mandatory minimum of 60 months pursuant to 21 U.S.C. § 841(a)(1); therefore, his applicable guideline range remains unchanged by Amendment 782 and he is ineligible for a sentencing reduction.
>
> When the Sentencing Commission makes a Guidelines amendment retroactive, Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010). Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. [18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 821 (2010)]; *see* U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. 3582(c)(2), any such reduction shall be consistent with this policy statement."). The relevant policy statement, Section 1B1.10, instructs courts proceeding under Section 3582(c)(2) to substitute only the amended guideline provisions that were applied to the petitioner at sentencing. U.S.S.G. § 1B1.10(b)(1). If the application of that amendment does not have the effect of lowering the petitioner's applicable guideline range, a reduction in the petitioner's term of imprisonment is not consistent with Section 1B1.10 and therefore is not authorized under Section 3582(c)(2). U.S.S.G. § 1B1.10(a)(2).
>
> Amendment 782 does not lower the applicable guideline range of petitioners sentenced to statutory mandatory minimum penalties. The Sentencing Commission recognizes that it has no authority to alter a statutory mandatory minimum. The Commission's adoption of Amendment 782 "reduced by two levels the offense levels assigned to the quantities that *trigger* the statutory mandatory minimum penalties in Section 2D1.1 and made parallel changes to Section 2D1.11." U.S.S.G. App. C at p. 87 (emphasis added). It did not and could

---

[1] As the Government notes, "[o]n July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced Petitioners pursuant to the authority provided in 28 U.S.C. § 994(u)." Gov't Resp. 2 n.1.

not change the statutory mandatory minimum. *See* U.S.S.G. § 5G1.1(c) ("In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence…(2) is not less than the statutorily required minimum sentence"). No retroactive amendment has altered this provision. *See* U.S.S.G. § 1B1.10(d). Therefore, where a statutory mandatory minimum applicable to a petitioner at his original sentencing is greater than the minimum of the applicable guideline range, that mandatory minimum becomes the minimum guideline sentence. U.S.S.G. § 5G1.1(c). And the imposition of this statutory mandatory minimum sentence remains unchanged by Amendment 782.

Using the specific example of statutory mandatory minimum penalties, the Sentencing Commission affirmed that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . *another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)*." U.S.S.G. § 1B1.10 comment 1(A) (emphasis added). As such, all Circuits unanimously agree that where a petitioner is originally sentenced to the statutory mandatory minimum the passage of a retroactive guideline amendment is irrelevant. [Citations omitted.]

In the case at bar, Petitioner's statutory mandatory minimum sentence renders him ineligible for a reduction. Section 1B1.10 permits this Court to substitute only Section 2D1.1 as amended by Amendment 782 and applied to Petitioner. Amendment 782 reduced Petitioner's Guidelines range to 37 to 46 months, based on a Total Offense Level of 21 and Criminal History Category I. However, Amendment 782 does not alter the statutory requirement of 21 U.S.C. § 841(b)(1)(B) to impose a sentence of at least 60 months. Although the amended drug quantity table has reduced Petitioner's base offense level, the low end of Defendant's sentencing guideline range remains the 60–month statutory mandatory minimum sentence. *See* U.S.S.G. § 5G1.1(c). Because Petitioner was originally sentenced to the statutory mandatory minimum of 60 months, Amendment 782 does not reduce his sentencing range. Thus, pursuant to Section 1B1.10, Petitioner is ineligible for a sentencing reduction.

In her memorandum to the Court, the United States Probation Officer also recommends that the Petition be denied for the same reasons set forth in this Response.

Gov't Resp. 2–4.

A number of the cases the Government cited in support of the statement that "where a petitioner is originally sentenced to the statutory mandatory minimum the passage of a retroactive guideline amendment is irrelevant," the citations for which I have omitted, have been superseded by Amendment 780's revision to U.S.S.G. § 1B1.10. *See United States v. Ortiz-Vega*,

744 F.3d 869, 871–72 (3d Cir 2014) (citing *United States v. Savani*, 733 F.3d 56, 57–58 (3d Cir. 2013)).  The revision added U.S.S.G. § 1B1.10(c):

> Cases Involving Mandatory Minimum Sentences *and Substantial Assistance*.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c) (emphasis added).  Thus, the revision applies to the sentences of criminal defendants who had provided substantial assistance to the Government, and for whom, on that basis, "the mandatory minimum was not actually applied." *Ortiz-Vega*, 744 F.3d at 871–72.

For example, the Government cited the Fourth Circuit's decision in *United States v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009).  The Fourth Circuit more recently held that *Hood* was superseded by the same U.S.S.G. revision.  *United States v. Williams*, 808 F.3d 253, 263 (4th Cir. 2015).  In that case, the Fourth Circuit concluded that Williams, who had been sentenced below the mandatory minimum because he provided substantial assistance to the government, was "eligible for a sentence reduction under § 3582(c)(2)." *Id.*  It noted that "Guidelines section 5G1.1(b) would otherwise turn the 240–month mandatory minimum into Williams's revised 'guideline sentence,'" had he not provided substantial assistance, but under the circumstances before it, "the revisions made to Guidelines section 1B1.10 by Amendment 780 bar[red] the sentencing court from calculating his amended range in that manner." *Id.*  Here, the record does not reflect that the Government sought a downward departure for substantial assistance, and therefore U.S.S.G. § 1B1.10(c) is inapplicable.

## **Conclusion**

In sum, Hernandez is not eligible for a sentencing reduction under § 3582(c)(2) because he was sentenced to the statutory mandatory minimum sentence, and the Government did not move for a downward departure for substantial assistance.  Therefore, Hernandez's Motions, ECF Nos. 124 and 125, ARE DENIED.

## **ORDER**

It is, this 28th day of February, 2017, hereby ORDERED that Hernandez's Motions for Reduction of Term of Imprisonment, ECF Nos. 124 and 125, ARE DENIED.

/S/
Paul W. Grimm
United States District Judge